Argued and submitted November 8, 2005, reversed and remanded with instructions to reinstate arbitrator's award of attorney fees; otherwise affirmed August 16, 2006

Alex BELL,
*Respondent,*

*v.*

Patricia MORALES,
*Appellant.*

0304-04104; A124878

142 P3d 76

Ryan J. McLellan argued the cause for appellant. With him on the briefs was Starla Jean Goff.

Mark Johnson argued the cause for respondent. With him on the brief were Sonya G. Fischer and Johnson Renshaw & Lechman-Su PC.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

ARMSTRONG, J.

**ARMSTRONG, J.**

Defendant appeals from a judgment that awarded plaintiff attorney fees under ORS 20.080(1) on review of an arbitrator's decision that had awarded plaintiff a lesser amount of attorney fees. The trial court ruled that ORCP 54 E did not cut off recovery of attorney fees incurred by plaintiff after defendant made an offer of judgment under ORCP 54 E, even though plaintiff failed to obtain a more favorable judgment in arbitration. We reverse the judgment as to attorney fees, and remand with instructions to reinstate the arbitrator's attorney fee award.

The material facts are undisputed. Plaintiff's and defendant's vehicles collided in an intersection. Plaintiff received personal injury protection (PIP) benefits of $496 from Farmers Insurance Group (Farmers). The insurance adjuster for defendant's insurance carrier estimated that plaintiff's claim was worth $2,584, including $496 for "medical specials," which the parties understood to mean the PIP benefit. Plaintiff sent a written demand to defendant for $5,500 for the damages that plaintiff had sustained in the collision. Defendant did not respond to that demand within 10 days, *see* ORS 20.080, so plaintiff filed a complaint on April 16, 2003, for economic and noneconomic damages not to exceed $5,500 and for attorney fees under ORS 20.080. Plaintiff did not include the PIP benefit amount in his $5,500 prayer for relief. Defendant made no precomplaint settlement offer.

On May 15, 2003, defendant served plaintiff with an offer to allow judgment "of $2,584.00, for economic and noneconomic damages, plus reasonable attorneys' fees [and] statutorily recoverable costs and disbursements." On May 20, plaintiff wrote defendant to say that he could not represent Farmers' interest in the $496 PIP reimbursement and assumed that defendant's offer must be entirely "new" money, that is, an offer of an amount that did not include the PIP benefit. Defendant replied by letter on June 10 that the offer was for new money of only $2,088 and PIP of $496. On June 18, Farmers sent a letter to plaintiff that instructed him not to represent the PIP claim because Farmers would seek

direct reimbursement. On June 20, plaintiff again told defendant by letter that he could not accept an offer that included the PIP benefit because Farmers had elected to seek reimbursement under ORS chapter 742.[1] In the same letter, plaintiff countered the offer of judgment with a settlement proposal of $3,500 in new money "plus reimbursement of the PIP, who[m] our office does not represent, plus our attorney fees under ORS 20.080."

■ The case went to arbitration, and plaintiff received an award for economic damages of $1,200. Plaintiff submitted records supporting an attorney fee recovery of $4,650, but the arbitrator awarded only $1,500. Plaintiff challenged the award in circuit court, contending that he was entitled under ORS 20.080 to recover his full attorney fees of $5,400, including fees to litigate the challenge. Defendant argued in response that the offer made under ORCP 54 E had cut off plaintiff's entitlement to post-offer attorney fees. In reply, plaintiff contended that defendant's offer of judgment was invalid under ORCP 54 E because it was conditioned in a way that foreclosed plaintiff's ability to accept it and, in any event, because ORS 20.080 is not subject to the general offer-of-judgment rule of ORCP 54 E. Plaintiff's first argument was based on his understanding that, under the governing statutes, he could not accept PIP reimbursement on behalf of a PIP insurer that had instructed plaintiff not to represent its claim. His second argument was based on the application of the Supreme Court's decision in *Colby v. Larson*, 208 Or 121, 297 P2d 1073 (1956), to the interaction of ORS 20.080(1) and ORCP 54 E.

On review of the arbitrator's attorney fee award, the trial court agreed with plaintiff that *Colby* establishes that ORCP 54 E cannot limit ORS 20.080(1) awards because ORCP 54 E does not apply to ORS 20.080(1). The court entered a judgment amending the arbitration decision to award plaintiff's full $5,400 request, and defendant appealed.

---

[1] Plaintiff's letter refers to chapter 746 rather than chapter 742, but we consider that to be a typographical error in the context of the other communications in the dispute and the arguments of the parties on appeal.

■    We review for legal error a trial court's conclusion that a particular statute entitles a party to recover attorney fees. *Mosley v. Allstate Ins. Co.*, 165 Or App 304, 307, 996 P2d 513 (2000). We first address plaintiff's contention that defendant's offer of judgment was not a valid ORCP 54 E offer because it was unacceptably "conditional." By conditional, plaintiff means that the offer was not one that was within his power to accept. Specifically, plaintiff argues that he could not accept defendant's offer to allow judgment because, alternatively, (1) the offer required plaintiff to compromise the PIP insurer's reimbursement claim when he was not authorized to represent the PIP insurer; (2) the PIP insurer had not created a lien on plaintiff's cause of action; (3) plaintiff did not include the PIP amount as damages in his prayer for relief; or (4) defendant did not join the PIP insurer as a party. We do not see how any of plaintiff's arguments made defendant's settlement offer one that plaintiff lacked the power to accept.

ORCP 54 E provides, in part:

"E(1)  Except as provided in ORS 17.065 through 17.085 [concerning compromise with an injured worker], the party against whom a claim is asserted may, at any time up to 10 days prior to trial, serve upon the party asserting the claim an offer to allow judgment to be given against the party making the offer for the sum, or the property, or to the effect therein specified.

"* * * * *

"E(3)   If the offer is not accepted * * * and if the party asserting the claim fails to obtain a more favorable judgment, the party asserting the claim shall not recover costs, prevailing party fees, disbursements, or attorney fees incurred after the date of the offer[.]"

We have previously concluded that the phrase at the end of the first sentence, "to the effect therein specified," means what it says in plain language: "[T]he rule * * * expressly allows a defendant to define the offer." *For Counsel, Inc. v. Northwest Web Co.*, 154 Or App 492, 498, 962 P2d 707 (1998), *aff'd*, 329 Or 246, 985 P2d 1277 (1999) (offer under ORCP 54 E may include costs and other fees if defendant so specifies).

Here, defendant defined an offer that included a known PIP benefit amount that was never the subject of compromise or negotiation. Significantly, no one disputed the amount of PIP reimbursement. Plaintiff received PIP benefits of $496, the insurance adjuster accounted for PIP of $496, defendant offered to allow judgment that included PIP of $496, and the parties' communications about the substance of the offer clarified that it included PIP of $496. Accordingly, defendant's offer of $2,584 clearly represented new money of $2,088. Plaintiff ultimately responded with a counteroffer for new money of $3,500 plus recovery of the PIP benefit, demonstrating that plaintiff understood both the new money component and the PIP component of defendant's offer. The record does not support plaintiff's contention that defendant's offer required him to compromise Farmers' claim. Rather, defendant offered a lesser amount of new money than plaintiff sought to recover. As it turned out, defendant's new money offer exceeded the award that plaintiff ultimately received in arbitration.

Plaintiff's other arguments seem to rely on a broad, generalized interpretation of the statutes governing PIP. *See* ORS 742.520 - 742.544. PIP benefits are creatures of statute and of contractual insurance policies; where the parties do not contest the terms of a particular policy, we look only to the statutory requirements for automobile insurance policies. *Carrigan v. State Farm Mutual Auto. Ins. Co.*, 326 Or 97, 100, 949 P2d 705 (1997).

Plaintiff is correct that the record here does not show that Farmers had asserted a PIP lien, but that is one of several arguments that plaintiff raises that leads to no particular conclusion. The PIP statutes provide that a PIP insurer shall recover from an adverse insurer of a liable person through "an interinsurer reimbursement proceeding" under ORS 742.534, as the term is defined by cross-reference in ORS 742.536(2); by a lien on an insured's cause of action, ORS 742.536; or otherwise, based on the insurer's right of subrogation, ORS 742.538. Plaintiff's argument that the offer was conditional because plaintiff's complaint did not include the PIP amount as damages merely supports plaintiff's contention that Farmers did not pursue recovery by lien. *See*

ORS 742.536(3)(b) (when PIP insurer has a lien, "injured person shall include as damages in such * * * legal action the benefits so furnished").

Based on Farmers' statement that it sought "direct reimbursement," it appears likely that Farmers intended to seek recovery by interinsurer reimbursement, but that does not rule out Farmers' ability to rely on its subrogation rights. ORS 742.538 does not so much describe a recovery method as define the PIP insurer's subrogation rights to identifiable PIP proceeds in "any settlement or judgment" that may come into an injured person's control. Plaintiff's arguments to rule out lien recovery do not show how the statutes defining interinsurer reimbursement and subrogation rights limit his ability to receive an undisputed PIP amount from an adverse insurer and pass the recovery through to the PIP insurer. As to plaintiff's remaining argument, he likewise fails to show how the statutes would restrict a plaintiff's ability to pass through a PIP recovery, or otherwise compromise the PIP insurer's interests, when a defendant has not joined the PIP insurer as a party to the action.

Contrary to plaintiff's contentions, as defendant observed at oral argument, the PIP statutes seem to protect both a plaintiff's and a PIP insurer's interests adequately in the event that a PIP recovery comes into a plaintiff's possession. In general, a "liability insurer whose insured is or would be held legally liable for damages" is obligated to reimburse another insurer that provided PIP benefits. ORS 742.534(1). The PIP statutes concerning the PIP insurer's subrogation rights provide that

> "[t]he [PIP] insurer is entitled to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of the injured person against any person legally responsible for the accident, to the extent of such benefits furnished by the insurer * * *."

ORS 742.538(1). In addition,

> "[t]he injured person shall hold in trust for the benefit of the [PIP] insurer all such rights of recovery which the injured person has, but only to the extent of such benefits furnished."

ORS 742.538(2). "The injured person shall do whatever is proper to secure, and shall do nothing after loss to prejudice, such rights [of the PIP insurer]." ORS 742.538(3).[2] Furthermore, a PIP insurer may be reimbursed for PIP benefits by an injured person "only to the extent that the total amount of [PIP] benefits paid exceeds the economic damages * * * suffered by that person," ORS 742.544(1), and "[n]othing in this section requires a person to repay more than the amount of [PIP] benefits actually received," ORS 742.544(2).

Collectively, the cited provisions require injured people who receive PIP benefits to protect the recovery rights of their PIP insurers. In return, the provisions limit a PIP insurer's recovery rights to no more than "the amount of benefit furnished." Considering the protections afforded both parties by statute, we conclude that plaintiff has not established that defendant's offer was in some way improperly "conditional." Hence, defendant's offer was a valid offer under ORCP 54 E.

We proceed to defendant's argument that its offer under ORCP 54 E operated to limit an award of attorney fees to plaintiff under ORS 20.080(1) to fees incurred by plaintiff before he received the offer. We agree with defendant that *Colby* does not control the interaction of ORS 20.080(1) and ORCP 54 E.

■ ■ *Colby* addressed a specific conflict between ORS 20.080(1) and *former* ORS 17.055 (1953), *repealed by* Or Laws 1979, ch 284, § 199, the predecessor offer-of-judgment statute that the legislature replaced with ORCP 54 E. 208 Or

_____

[2] As we have already discussed, the record does not show whether Farmers qualified for recovery under ORS 742.534 or ORS 742.536, but ORS 742.538(1) indicates that subrogation rights exist even if a PIP insurer does not satisfy the requirements of the other recovery methods:

"If a motor vehicle liability insurer has furnished [PIP] benefits * * * and the interinsurer reimbursement benefit of ORS 742.534 is not available * * * and the insurer has not elected recovery by lien as provided in ORS 742.536, and is entitled by the terms of its policy to the benefit of this section:

"(1) The insurer is entitled to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of the injured person against any person legally responsible for the accident[.]"

In the context of the facts available to us concerning this dispute, the provisions of the subrogation rights statute seem to provide general protections to both the injured person and the PIP insurer.

121. We acknowledge that the Supreme Court's interpretation of a statute establishes binding precedent on this court. *See, e.g., Davis v. O'Brien*, 320 Or 729, 741, 891 P2d 1307 (1995). Nonetheless, a limit of that rule is that the legislature's substantive revision of a previously interpreted statute requires us to assess the effect of the prior interpretation on the revised statute. *See Jones v. General Motors Corp.*, 325 Or 404, 415 n 6, 939 P2d 608 (1997) (task of interpreting amended statute requires ascertaining its substance). We presume that the legislature enacts statutes in light of existing judicial decisions that have a direct bearing on those statutes. *Owens v. Maass*, 323 Or 430, 438, 918 P2d 803 (1996) (citing *State v. Waterhouse*, 209 Or 424, 436, 307 P2d 327 (1957)). Because the legislature substantially restructured the general offer-of-judgment rule in *former* ORS 17.055 when it enacted ORCP 54 E, we must assess the relationship between ORS 20.080(1) and the current rule.

In *Colby*, the Supreme Court addressed a defendant's opportunity in 1956 to manipulate the provisions of the general offer-of-judgment statute against the intended operation of ORS 20.080(1), which provides, in part:

> "In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $5,500 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action or the filing of a formal complaint under ORS 46.465, or not more than 10 days after the transfer of the action under ORS 46.461. However, no attorney fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action or the filing of a formal complaint * * * an amount not less than the damages awarded to the plaintiff."[3]

---

[3] The legislature enacted ORS 20.080(1) in 1947, Or Laws 1947, ch 366, § 1, and has since made only minor amendments to it. Since *Colby*, the relevant amendments have been merely increases in the dollar amount of qualifying claims, most recently from $4,000 to $5,500. Or Laws 1999, ch 947, § 1; *see Fresk v. Kraemer*, 337 Or 513, 519, 519 n 6, 99 P3d 282 (2004) (discussing history of statute).

When a plaintiff's claim qualifies for the recovery of attorney fees under ORS 20.080(1),

"[t]he statute requires only that: 1) The amount pleaded be $[5,500] or less; 2) The plaintiff prevails in the action; 3) A written demand for 'such claim' be made more than ten days prior to the commencement of the action; and 4) *Plaintiff's judgment be greater than any offer of settlement made by defendant prior to the commencement of the action.*"

*Landers v. E. Texas Motor Frt. Lines*, 266 Or 473, 476, 513 P2d 1151 (1973) (emphasis added); *accord Colby*, 208 Or at 125.

In 1956, however, a settlement offer made under *former* ORS 17.055 after the complaint was filed could deny all cost recovery to a plaintiff who prevailed with a judgment no greater than the defendant's offer.[4] Thus, for small claims eligible under ORS 20.080(1)—in which attorney fees often exceed the value of the claim—*former* ORS 17.055 could lead a defendant to ignore a plaintiff's precomplaint demand under ORS 20.080(1) to settle a valid claim and then offer the full amount of the prayer just before trial and thereby deny the plaintiff any recovery of attorney fees. In *Colby*, the court reasoned:

"[I]f the defendant's position here were to be sustained, th[e] clear legislative purpose [of ORS 20.080(1)] would be defeated by the defendant ignoring a demand made pursuant to ORS 20.080, secure in the knowledge that if [an] action should be brought he could escape payment of an attorney's fee and other costs by offering before trial to allow judgment to be given against him as provided in [*former*] ORS 17.055."

208 Or at 126. The Supreme Court resolved that conflict by applying the maxim of construction that the specific statute, ORS 20.080(1), controlled over the more general one, *former*

---

[4] *Former* ORS 17.055 provided, in part:

"The defendant may, at any time before trial, serve upon the plaintiff an offer to allow judgment * * * for the sum * * * therein specified. * * * If the offer is not accepted and filed within the time prescribed * * * and if the plaintiff fails to obtain a more favorable judgment or decree, he shall not recover costs, but the defendant shall recover of him costs and disbursements from the time of the service of the offer."

ORS 17.055, which meant that a plaintiff could reject an offer of judgment under *former* ORS 17.055 without jeopardizing her right to recover attorney fees under ORS 20.080. *Colby*, 208 Or at 126-27.

Under the newer regime of ORCP 54 E, the post-filing cut-off of fee accumulation that may occur is consistent with the prefiling cut-off of fees that has always been a feature of ORS 20.080(1). ORS 20.080(1) brings parties to serious settlement discussions early when a case involves small damage claims. It allows a defendant to propose a fair *prefiling* settlement offer that stops recovery of attorney fees incurred after the offer if a plaintiff then files a qualifying complaint that does not yield a larger judgment. ORCP 54 E provides a *post-filing* incentive to pursue settlement by allowing a defendant a chance—or a second chance—to propose a fair offer of judgment that stops recovery of attorney fees incurred from a correspondingly later date—that is post-filing—if the plaintiff's complaint does not yield a larger judgment. Under the current general rule of ORCP 54 E, a post-filing cut-off of a plaintiff's fee accumulation has replaced the *former* ORS 17.055 provisions for complete denial of attorney fees.

The legislature has thus eliminated the conflict that concerned the court in *Colby*. "[W]here there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all." ORS 174.010. The legislature has harmonized the provisions governing a plaintiff's attorney fee recovery under ORS 20.080(1) with the potential cut-off of fee accumulation, under ORS 20.080(1) in the prefiling period and under ORCP 54 E in the post-filing period. The grounds for the Supreme Court's holding in *Colby* no longer exist, and both statutes may be given full effect. We hold that ORCP 54 E applies to an attorney fee award under ORS 20.080(1) and that the trial court erred in overruling the arbitrator's limited award of attorney fees where plaintiff did not improve on defendant's valid offer to allow judgment.

Reversed and remanded with instructions to reinstate arbitrator's award of attorney fees; otherwise affirmed.