Argued and submitted September 18, 2006, award of costs to defendant vacated;
otherwise affirmed May 16, 2007

Elena POWERS,
*Plaintiff-Appellant,*

*v.*

William QUIGLEY,
*Defendant-Respondent.*

Multnomah County Circuit Court
040605930; A129463

159 P3d 371

Christopher T. Hill argued the cause and filed the brief for appellant.

James B. Rich argued the cause for respondent. With him on the brief was Harris, Wyatt & Amala, LLC.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

ARMSTRONG, J.

### ARMSTRONG, J.

Plaintiff appeals from a judgment awarding plaintiff attorney fees in the amount of $1,267.67, and awarding defendant costs of $414.00, on judicial review of an arbitration award.[1] Plaintiff asserts that the trial court erred (1) in applying ORCP 54 E to limit plaintiff's recovery of attorney fees under ORS 20.080, and (2) in considering defendant's untimely exception to the arbitrator's denial of his costs. We vacate the trial court's award of costs to defendant and otherwise affirm.

The material facts are undisputed. Plaintiff's vehicle was damaged when defendant rear-ended it in an automobile accident on April 3, 2003. Plaintiff's car was properly repaired. On May 21, 2004,[2] plaintiff sent a written demand to defendant for $4,271 for the car's diminished value after repairs. In response, defendant tendered an offer of $3,200 on June 2, 2004. On June 9, 2004, plaintiff filed a complaint in circuit court, requesting economic damages of $4,271, costs, and attorney fees under ORS 20.080. On August 30, 2004—after plaintiff filed her complaint—defendant served plaintiff with an offer of judgment under ORCP 54 E for $3,636, exclusive of costs, disbursements, and attorney fees.

The case went to arbitration, and plaintiff received an award for damages of $3,300. She was also awarded attorney fees of $828.50, although the attorney fee statement she submitted reflected fees of $5,482.33. The arbitrator denied both parties' requests for costs.

The award was filed on April 20, 2005. On April 26, 2005, pursuant to ORS 35.425(6), plaintiff filed and served on defendant her written exceptions to the amount of attorney fees awarded and to the denial of her costs. Defendant filed his response to plaintiff's exceptions on May 4, 2005, asserting, among other things, that plaintiff was not entitled to recover any fees incurred after August 30, 2004, the date of

---

[1] The judgment also awarded plaintiff costs; that portion of the judgment is not at issue on appeal.

[2] Although the demand letter is dated May 21, 2003, the certified mail receipt reflects a postmark date of May 21, 2004, and the parties do not argue otherwise.

defendant's offer of judgment under ORCP 54 E. Defendant also requested his claimed costs of $414.00, pursuant to ORCP 54 E(3).[3] Defendant did not serve his response on plaintiff until June 9, 2005.[4]

A hearing was held on May 6, 2005. At that time, the court concluded that defendant's offer of judgment under ORCP 54 E operated to limit plaintiff's entitlement to attorney fees to those incurred as of the date of that offer and, accordingly, awarded plaintiff attorney fees of $1,267.67. The court also considered defendant's request for costs, despite plaintiff's objection on the ground that it was untimely under ORS 35.425(6). The court subsequently awarded both parties costs—plaintiff in the amount of $271.95 and defendant in the amount of $414.00.

■    Plaintiff's first assignment of error on appeal concerns the interplay between ORS 20.080(1) and ORCP 54 E. ORS 20.080(1) provides:

"In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $5,500 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action * * *. However, no attorney fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action * * * an amount not less than the damages awarded to the plaintiff."

ORCP 54 E provides, in part:

"E(1) Except as provided in ORS 17.065 through 17.085 [concerning compromise with an injured worker], the party against whom a claim is asserted may, at any time up to 10 days prior to trial, serve upon the party asserting the claim an offer to allow judgment to be given

---

[3] The parties treat that request as defendant's written exception to the arbitrator's denial of his costs, as do we.

[4] Apparently, the document was delivered to the wrong address on May 4, 2005, and it was not until June 9, 2005, that it was actually served on plaintiff.

against the party making the offer for the sum, or the property, or to the effect therein specified.

"* * * * *

"E(3) If the offer is not accepted and filed within the time prescribed, it shall be deemed withdrawn, and shall not be given in evidence on the trial; and if the party asserting the claim fails to obtain a more favorable judgment, the party asserting the claim shall not recover costs, prevailing party fees, disbursements, or attorney fees incurred after the date of the offer, but the party against whom the claim was asserted shall recover of the party asserting the claim costs and disbursements, not including prevailing party fees, from the time of the service of the offer."

As noted, the trial court concluded that both the statute and the rule applied; therefore, because plaintiff's arbitration award ($3,300) was greater than defendant's pre-filing settlement offer under ORS 20.080(1) ($3,200), but less than defendant's post-filing offer of judgment under ORCP 54 E ($3,636), plaintiff's attorney fee recovery was limited to fees incurred as of the date of defendant's offer of judgment.

On appeal, plaintiff challenges that conclusion. Citing *Colby v. Larson*, 208 Or 121, 297 P2d 1073, *on reh'g*, 299 P2d 1076 (1956), she argues that, because ORCP 54 E and ORS 20.080(1) are in direct conflict, the specific provisions of ORS 20.080(1) must prevail over the general provisions of ORCP 54 E.

We recently decided this precise issue contrary to plaintiff's position. In *Bell v. Morales*, 207 Or App 326, 336, 142 P3d 76 (2006), we held that both the statute and the rule could be given full effect because the legislature, in replacing *former* ORS 17.055 (1953), *repealed by* Or Laws 1979, ch 284, § 199 (the predecessor offer-of-judgment statute) with ORCP 54 E, had eliminated the conflict between the two that had concerned the court in *Colby*. Thus, the trial court did not err in applying ORCP 54 E to limit plaintiff's award of attorney fees accordingly.

Plaintiff's second assignment of error challenges the court's award of costs to defendant. According to plaintiff, because defendant did not file and serve his written exception to the arbitrator's denial of his costs within the time

required by ORS 36.425(6), the court erred in upholding that exception. Although, under ORCP 68 B,[5] we generally review a trial court's decision to award costs for abuse of discretion, *see, e.g., Mosley v. Allstate Ins. Co.*, 165 Or App 304, 313, 996 P2d 513 (2000), where, as here, the court's decision is based on an interpretation of statute, we review for errors of law. *See Selective Services, Inc. v. AAA Liquidating*, 126 Or App 74, 78-79, 867 P2d 545 (1994).

ORS 36.425(6) describes the procedure for objecting to an award or denial of attorney fees and costs awarded by an arbitrator. It provides, in part:

"Within seven days after the filing of a decision and award under subsection (1) of this section, a party may file with the court and serve on the other parties to the arbitration written exceptions directed solely to the award or denial of attorney fees or costs. Exceptions under this subsection may be directed to the legal grounds for an award or denial of attorney fees or costs, or to the amount of the award. * * * A judge of the court shall decide the issue and enter a decision on the award of attorney fees and costs."

Notwithstanding the statute's use of the term "may," we have previously concluded that the first sentence of ORS 36.425(6) establishes a mandatory seven-day time limit for filing exceptions to the arbitrator's award. *Webster v. Harmon*, 205 Or App 196, 200, 134 P3d 1012 (2006) (trial court erred in upholding the defendant's exceptions to an arbitrator's attorney fee award where the defendant did not file his exceptions within the statutory time limit).

Defendant does not dispute that he did not file written exceptions directed to the arbitrator's denial of his claimed costs within the statutory time limit. Rather, defendant argues that, because "ORS 36.425(6) requires the Trial Court to exercise *de novo* review of the arbitrator's fee and costs decisions upon the filing of exceptions[,]" once *plaintiff* filed her exceptions to those decisions, *all* of the arbitrator's

---

[5] That rule provides, in part:

"In any action, costs and disbursements shall be allowed to the prevailing party, unless these rules or other rule or statute direct that in the particular case costs and disbursements shall not be allowed to the prevailing party or shall be allowed to some other party, or unless the court otherwise directs."

decisions regarding fees and costs were placed at issue before the court. Defendant also asserts that "ORCP 15 and ORCP 68 grant to the Trial Court discretion to be flexible in the procedures and time lines regarding requests for and objections to attorneys fees and costs."

■    We disagree with defendant in both respects. Defendant's first argument is premised on his understanding—and the trial court's—that ORS 36.425(6) requires the trial court to review the arbitrator's fee and cost decisions *de novo*. While we are unpersuaded that this would be significant in any event, we note that it is incorrect. *Foust v. American Standard Ins. Co.*, 189 Or App 125, 133-34, 74 P3d 1111 (2003) ("Under [ORS 36.425(6)], the arbitrator's decision cannot be supplanted by an independent determination by the trial court on a new record. * * * Rather, as pertinent here, review is limited to determining whether the arbitrator correctly applied the law in awarding or denying attorney fees.").

■    More significantly, there is nothing in the text or context of ORS 36.425(6) to support defendant's argument that the court was free to consider his untimely exceptions to the denial of costs simply because the other party to the arbitration filed timely exceptions to the arbitration award. To agree with defendant would require us to add additional words to the text of the statute, contrary to ORS 174.010.[6] Although, to be sure, defendant's entitlement to costs was dependent on the trial court's resolution of the question whether ORCP 54 E applied in this context, that fact nonetheless does not excuse defendant from registering his objection to the arbitrator's denial of his costs by timely filing his written exceptions as required by ORS 36.425(6).

Defendant's reliance on *Chase v. Vernam*, 199 Or App 129, 110 P3d 128 (2005), to support his position is misplaced. In *Chase*, the issue was whether the trial court erred

_____

[6] ORS 174.010 provides, in relevant part, that the office of a judge in the construction of a statute is to "declare what is, in terms or in substance, contained therein, not to insert what has been omitted[.]"

in considering the plaintiff's untimely objections in evaluating the reasonableness of the defendants' request for attorney fees under ORCP 68 C(4)(b). We held that it did not, concluding that "a court retains whatever discretion it may otherwise have to award or deny fees even if there is not a timely objection." *Id.* at 136.

In this case, the question is not whether the court may properly consider a party's untimely objections to a request for attorney fees under ORCP 68 C(4)(b), but whether the court may consider a party's untimely exception to an arbitrator's award. We have already answered that question in the negative—under ORS 36.425(6), the timely filing of an exception to an arbitrator's award or denial of fees or costs is a prerequisite to the court's consideration of that exception.

ORCP 15 also does not aid defendant.[7] We assume defendant refers specifically to ORCP 15 D, which provides:

> "The court may, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or allow any other pleading or motion after the time limited by the procedural rules, or by an order enlarge such time."

In *Husted v. SCI Oregon Funeral Services, Inc.*, 209 Or App 45, 49, 146 P3d 376 (2006), we held that ORCP 15 D did not excuse the plaintiff's untimely filing of her attorney fee statement under ORCP 68 C(4)(a), because the plaintiff had never sought an extension under the rule and because the court plainly had not exercised its discretion under it. The same is true here. Even assuming that ORCP 15 D applies to the time limits for filing exceptions to an arbitrator's award, defendant did not request an extension under the rule. Nor did the trial court rely on its discretion under that rule in allowing defendant's exceptions. Instead, the court apparently concluded that the timely filing of plaintiff's exceptions brought all of the arbitrator's fee and cost decisions properly before the court. As we have determined, that conclusion was incorrect.

---

[7] In addition to ORCP 15, defendant also invokes ORCP 68 as providing a basis for the trial court's authority to treat filing deadlines with some flexibility, but provides no analysis or support for that position. We reject that argument without discussion.

Because defendant did not timely file his exceptions to the arbitrator's denial of his costs, the trial court erred in upholding those exceptions.[8] Accordingly, we vacate the trial court's award of costs to defendant.

Award of costs to defendant vacated; otherwise affirmed.

---

[8] In light of this conclusion, we need not decide the effect of defendant's failure to timely *serve* his exceptions on plaintiff.