Argued and submitted March 3, decision of Court of Appeals reversed; order of circuit court reversed, and case remanded to circuit court for further proceedings December 11, 2008

Elena POWERS,
*Petitioner on Review,*

*v.*

William QUIGLEY,
*Respondent on Review.*

(CC 0406-05930; CA A129463; SC S054925)

198 P3d 919

Christopher T. Hill, of Christopher T. Hill, PC, Portland, argued the cause and filed the briefs for petitioner on review.

James B. Rich, of Harris, Wyatt & Amala LLC, Salem, argued the cause and filed the brief for respondent on review.

DURHAM, J.

.

## DURHAM, J.

This case requires us to resolve an asserted conflict between ORS 20.080(1), which governs the recovery of attorney fees in tort claims for $5,500 or less, and ORCP 54 E, which limits recovery of attorney fees after a party presents its opponent with an offer of judgment. We set out those provisions below. Plaintiff seeks review of a court order limiting her recovery of attorney fees to expenses incurred prior to defendant's offer of judgment. Plaintiff argues that ORCP 54 E does not apply to awards of attorney fees under ORS 20.080(1) because those two statutes conflict and ORS 20.080(1) is the more specific statute. The Court of Appeals concluded that no such conflict existed and affirmed the order. *Powers v. Quigley*, 212 Or App 644, 648, 159 P3d 371 (2007). We now conclude that, with respect to attorney fees incurred after a defendant makes an offer of judgment, there is a conflict between ORS 20.080(1) and ORCP 54 E. Because ORS 20.080(1) is the more specific provision, it functions as an exception to the rule stated in ORCP 54 E, and the offer of judgment procedure under ORCP 54 E therefore does not limit a plaintiff's statutory right to an award of attorney fees under ORS 20.080(1). We therefore reverse the decision of the Court of Appeals.

We begin with the facts of the case, which the parties do not dispute. On April 3, 2003, defendant's car rear-ended plaintiff's car and damaged it. Plaintiff had her car repaired. On May 21, 2004, plaintiff sent a written demand to defendant and his insurance adjuster for $4,271 as compensation for the diminished value of her car. Defendant's insurance adjuster tendered an offer of $3,200 in response, which plaintiff rejected. On June 9, 2004, plaintiff filed a complaint in Multnomah County Circuit Court, in which she alleged that defendant had been negligent and requested damages of $4,271, as well as costs and attorney fees under ORS 20.080. After filing an answer, defendant served plaintiff with an offer of judgment under ORCP 54 E for $3,636, exclusive of costs and recoverable attorney fees, dated August 30, 2004. Plaintiff rejected that offer as well.

The case went to arbitration on March 29, 2005. The arbitrator awarded plaintiff $3,300 in damages and $828.50

for attorney fees. Pursuant to ORS 36.425(6),[1] plaintiff filed a written exception to the award of attorney fees, noting that she had submitted a statement listing her total attorney fees as $5,482.33. Defendant responded that plaintiff was not entitled to any recovery for attorney fees incurred after defendant had served plaintiff with its offer of judgment because defendant had offered plaintiff a greater amount of money than the arbitrator had awarded her as damages.

The trial court held a hearing on May 6, 2005, and concluded that under ORCP 54 E, because defendant had submitted an offer of judgment for $3,636 and plaintiff had recovered only $3,300, defendant's offer of judgment would prevent plaintiff from recovering attorney fees for legal work performed after August 30, 2004. The court allowed attorney fees of $1,267.67, and entered an order to that effect.[2]

On appeal, plaintiff argued that the trial court should have granted her request for attorney fees. Plaintiff noted that, under ORS 20.080(1), she was entitled to recover attorney fees because she had presented defendant with a written demand for damages more than 10 days prior to filing a complaint and, although defendant had tendered an offer of $3,200 in response, plaintiff had recovered more than that amount in arbitration. Plaintiff then argued that ORCP 54 E did not apply to limit awards of attorney fees under ORS 20.080(1) because, with respect to attorney fees incurred after an offer of judgment, ORCP 54 E was "necessarily in conflict" with ORS 20.080(1). Plaintiff noted that, in *Colby v. Larson*, 208 Or 121, 297 P2d 1073 (1956), this court identified

---

[1] ORS 36.425(6) provides, in part:

"Within seven days after the filing of a decision and award under subsection (1) of this section, a party may file with the court and serve on the other parties to the arbitration written exceptions directed solely to the award or denial of attorney fees or costs. Exceptions under this subsection may be directed to the legal grounds for an award or denial of attorney fees or costs, or to the amount of the award."

[2] The arbitrator had also denied costs to both plaintiff and defendant. When the trial court entered its order awarding attorney fees, it awarded costs to both parties. On appeal, plaintiff challenged the award of costs to defendant, claiming that defendant had failed to file and serve his written exception to the arbitrator's denial of his costs within the time required by ORS 36.425(6). *Powers*, 212 Or App at 648-49. The Court of Appeals agreed and vacated the award of costs to defendant. *Id.* at 652. Neither party requests review of that ruling, and, accordingly, we do not address it.

a conflict between ORS 20.080 (1953) and *former* ORS 17.055 (1953), *repealed by* Or Laws 1979, ch 284, § 199, an offer-of-judgment statute similar to ORCP 54 E.[3] This court concluded that, "[i]n such a case[,] the particular provisions [of ORS 20.080] are considered an exception to the general [provisions of *former* ORS 17.055]" and, therefore, an offer of judgment would not limit an award of attorney fees under ORS 20.080. *Id.* at 126-27.

The Court of Appeals had considered and rejected an argument similar to plaintiff's in *Bell v. Morales*, 207 Or App 326, 142 P3d 76 (2006). *Bell* noted that, under *former* ORS 17.055, the statute at issue in *Colby*, an offer of judgment operated to cut off a plaintiff's recovery of costs, including attorney's fees, if the plaintiff received less in damages than the amount that the defendant had offered. However, under ORCP 54 E, an offer of judgment cuts off only the plaintiff's entitlement to attorney fees incurred *after* the offer is made. The Court of Appeals in *Bell* interpreted ORS 20.080 as providing an incentive to settle a case prior to filing a complaint, while ORCP 54 E provided an incentive to do the same after the filing of the complaint (and after the offer of judgment is made). The court concluded that, by enacting ORCP 54 E, the legislature had "eliminated the conflict that concerned the court in *Colby*" by harmonizing the two statutory provisions so that both "may be given full effect." *Id.* at 336. Accordingly, in this case, the court held that *Bell* foreclosed plaintiff's argument and agreed with the trial court that ORCP 54 E cut off plaintiff's statutory right to attorney fees. *Powers*, 212 Or App at 648.

---

[3] *Former* ORS 17.055 (1953) provided:

"The defendant may, at any time before trial, serve upon the plaintiff an offer to allow judgment or decree to be given against him for the sum, or the property, or to the effect therein specified. If the plaintiff accepts the offer, he shall by himself or attorney indorse such acceptance thereon, and file the same with the clerk before trial, and within three days from the time it was served upon him; and thereupon judgment or decree shall be given accordingly, as in case of a confession. If the offer is not accepted and filed within the time prescribed, it shall be deemed withdrawn, and shall not be given in evidence on the trial; and if the plaintiff fails to obtain a more favorable judgment or decree, he shall not recover costs, but the defendant shall recover of him costs and disbursements from the time of the service of the offer."

On review, plaintiff renews her argument that ORS 20.080(1) conflicts with ORCP 54 E and that the specific provisions of the former statute prevail over the general provisions of the latter. Defendant responds that the conflict identified in *Colby* no longer exists and that this court should therefore read the provisions together and give effect to both, as the Court of Appeals did.

We begin our analysis by examining the text of the statutes at issue. ORS 20.080(1) provides:

"In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $5,500 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action or the filing of a formal complaint under ORS 46.465, or not more than 10 days after the transfer of the action under ORS 46.461. However, no attorney fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action or the filing of a formal complaint under ORS 46.465, or not more than 10 days after the transfer of the action under ORS 46.461, an amount not less than the damages awarded to the plaintiff."

ORCP 54 E provides:

"E(1)  Except as provided in ORS 17.065 through 17.085, the party against whom a claim is asserted may, at any time up to 10 days prior to trial, serve upon the party asserting the claim an offer to allow judgment to be given against the party making the offer for the sum, or the property, or to the effect therein specified.

"E(2)  If the party asserting the claim accepts the offer, the party asserting the claim or such party's attorney shall endorse such acceptance thereon, and file the same with the clerk before trial, and within three days from the time it was served upon such party asserting the claim; and thereupon judgment shall be given accordingly, as a stipulated judgment. If the offer does not state that it includes costs and disbursements or attorney fees, the party asserting the

claim shall submit any claim for costs and disbursements or attorney fees to the court as provided in Rule 68.

"E(3)   If the offer is not accepted and filed within the time prescribed, it shall be deemed withdrawn, and shall not be given in evidence on the trial; and if the party asserting the claim fails to obtain a more favorable judgment, the party asserting the claim shall not recover costs, prevailing party fees, disbursements, or attorney fees incurred after the date of the offer, but the party against whom the claim was asserted shall recover of the party asserting the claim costs and disbursements, not including prevailing party fees, from the time of the service of the offer."

■       Two basic rules govern this court's resolution of a conflict between statutes. The first is that, when multiple statutory provisions are at issue in a case, this court, if possible, must construe those statutes in a manner that "will give effect to all" of them. ORS 174.010; *see State v. Guzek*, 322 Or 245, 268, 906 P2d 272 (1995) (noting that when two statutes deal with the same subject, "the two should be read together and harmonized, if possible, while giving effect to a consistent legislative policy"). The second rule is that, if two statutes are inconsistent, the more specific statute will control over the more general one. ORS 174.020(2); *see Kambury v. DaimlerChrysler Corp.*, 334 Or 367, 374, 50 P3d 1163 (2002) (illustrating rule). In short, if the court can give full effect to both statutes, it will do so, and if not, it will treat the specific statute as an exception to the general. *Guzek*, 322 Or at 268 (citing *State v. Pearson*, 250 Or 54, 58, 440 P2d 229 (1968)).

■       It is axiomatic that, to determine whether we can give effect to both ORS 20.080(1) and ORCP 54 E, we must decide the effect that the legislature intended those statutes to have. The text of a statute provides the best evidence of the intent behind its enactment. In construing that text, we also consider its context, including "prior opinions of this court interpreting the same statutory wording." *Wal-Mart Stores, Inc. v. City of Central Point*, 341 Or 393, 397, 144 P3d 914 (2006).

■       Under ORS 20.080(1), a plaintiff who files a tort claim for $5,500 or less shall recover attorney fees if (1) the

plaintiff makes a written demand on the tortfeasor for payment of a tort claim of $5,500 or less, at least 10 days prior to filing an action; (2) the plaintiff files an action on that claim; (3) the plaintiff prevails; and (4) the plaintiff obtains a judgment for an amount greater than any prefiling settlement offer made by the tortfeasor. *Johnson v. Swaim*, 343 Or 423, 427-28, 172 P3d 645 (2007) (so stating). If the plaintiff satisfies those procedural requirements, then the court must award "a reasonable amount" as attorney fees to the plaintiff.

The legislature originally enacted ORS 20.080 in 1947, and this court "repeatedly has recognized" the policies underlying it, specifically,

> "to encourage settlement of small claims, to prevent insurance companies and tortfeasors from refusing to pay just claims, and to discourage plaintiffs from inflating their claims."

*Fresk v. Kraemer*, 337 Or 513, 520, 99 P3d 282 (2004) (internal quotation marks omitted). The second of those policies—preventing tortfeasors and their insurers from ignoring just claims—is particularly relevant to our inquiry. In the past, this court has recognized that tortfeasors and insurers frequently rejected small claims, "knowing that the claimant would often consider it impractical to bring an action if he had to pay his own attorney's fees." *Bivvins v. Unger*, 263 Or 239, 243, 501 P2d 1262 (1972). ORS 20.080 therefore allows plaintiffs to hold tortfeasors liable for their attorney fees to promote settlement in cases where the plaintiff otherwise might not be able to afford an attorney. *Landers v. E. Texas Motor Frt. Lines*, 266 Or 473, 476-77, 513 P2d 1151 (1973). The idea that defendants will be "pressured to settle cases * * * by the potential allowance of attorney's fees" is "implicit" in ORS 20.080. *Heen v. Kaufman*, 258 Or 6, 8, 480 P2d 701 (1971). A crucial feature of that "pressure," to which we will return later, is that it applies *prior to filing* the action. By the explicit terms of ORS 20.080(1), a tortfeasor can avoid an award of attorney fees under ORS 20.080(1) only by making an offer of settlement before the plaintiff files a complaint. A tortfeasor's offers made after that date do not affect the statutory right to attorney fees that ORS 20.080(1) creates.

■ Under ORCP 54 E, on the other hand, a plaintiff's recovery of attorney fees can be limited if (1) the defendant, at any time up to 10 days *prior to trial*, offers to allow judgment against itself for a specified sum; (2) the plaintiff does not accept that offer, and; (3) the plaintiff fails to obtain a judgment that is more favorable than the offer. If those procedural requirements are met, then the plaintiff may not recover attorney fees "incurred after the date of the offer." *For Counsel, Inc. v. Northwest Web Co.*, 329 Or 246, 253, 985 P2d 1277 (1999).

A conflict between these provisions is apparent from their text. ORS 20.080(1) provides that, in tort claims of $5,500 or less, a plaintiff is entitled to receive attorney fees if the plaintiff satisfies certain procedural requirements prior to filing the action. ORCP 54 E, however, allows a defendant to cut off the plaintiff's right to attorney fees by making an offer of judgment after the filing of an action but before trial. Therefore, the offer of judgment procedure under ORCP 54 E can negate, at least in part, an award of attorney fees that ORS 20.080(1) requires. For example, a plaintiff might serve a defendant with a written demand for payment of a tort claim for $5,500 or less, receive no response, and file a complaint. If that plaintiff prevails at trial, he or she will have a statutory right to receive attorney's fees. However, the defendant can serve the plaintiff with an offer of judgment under ORCP 54 E at any time up to 10 days before trial. If the plaintiff refuses that offer, and thereafter fails to recover more than that offer at trial, then the plaintiff's right to recover attorney fees will not apply to any expenses incurred after the date that the defendant makes the offer, including trial expenses.[4] In short, ORCP 54 E allows a defendant to nullify, at least in part, the obligation to pay attorney fees that ORS 20.080(1) creates.

Seen in that light, application of ORCP 54 E in circumstances like those presented here would undermine the core purpose of ORS 20.080(1), namely, to prevent tortfeasors

---

[4] This case provides an example of that scenario. By bringing her case to trial, plaintiff incurred $5,482.33 in attorney fees. However, the trial court held that plaintiff's right to attorney fees was cut off as of August 30, 2004, the date of the offer of judgment. Accordingly, plaintiff recovered attorney fees of only $1,267.67, which amounts to less than 25 percent of the total that she had claimed.

and their insurers from refusing to pay just claims. By requiring an award of attorney fees, ORS 20.080(1) requires a defendant to evaluate the plaintiff's case "and to make an offer at the risk of having to pay attorney fees if the offer is inadequate." *Landers*, 206 Or at 477. Furthermore, the timing specified in the text of ORS 20.080(1) demonstrates that the legislature intended to provide an incentive to defendants to make those evaluations and offers *before the plaintiff files an action*, because that statute does not allow a defendant to limit the liability for attorney fees by making an offer to settle *after* the complaint is filed.

It follows from the foregoing that we find a conflict between ORS 20.080(1) and ORCP 54 E on the basis of their statutory text alone. Moreover, we must read that text in light of this court's prior interpretations of it. *State v. McDonnell*, 343 Or 557, 563, 176 P3d 1236 (2007). And, in doing so, we are immediately informed by this court's prior holding in *Colby*, 208 Or 121, in which we addressed a nearly identical claim of statutory conflict.

The plaintiff in *Colby* sued to recover $372.59 for damages to his car, caused by the defendant's negligent driving. The plaintiff also demanded attorney fees under ORS 20.080, claiming that he had made a written demand for that amount 10 days prior to filing his complaint. The defendant admitted his liability for the damages but alleged that he had tendered with his answer and deposited with the court, a payment of $372.59 for the plaintiff. 208 Or at 123. The defendant contended that he had made an offer of judgment under *former* ORS 17.055, a predecessor of ORCP 54 E, and that the offer of judgment prevented the plaintiff from recovering any attorney fees if he failed to obtain a more favorable judgment. The trial court accepted the defendant's argument and denied the plaintiff's request for attorney's fees. *Id.* at 124.

On the plaintiff's appeal, the court reversed the trial court. We noted that, under ORS 20.080, the plaintiff was entitled to recover attorney fees if he had made a written demand upon the defendant more than 10 days before commencing the action and if the defendant had failed to tender $372.59 or more *"prior to the commencement of the action." Id.*

at 125 (emphasis in original). On the other hand, under *former* ORS 17.055, the plaintiff could not recover costs because "*after the commencement of the action* but before trial," the defendant had made an offer of judgment for $372.59. *Id.* (emphasis in original).

This court held that, in light of the purposes of ORS 20.080, a conflict existed between that statute and *former* ORS 17.055:

> "[ORS 20.080] was undoubtedly enacted for the purpose of encouraging the settlement without litigation of meritorious tort claims involving small sums. The risk the defendant ran of having to pay the fee of the plaintiff's attorney was evidently considered a spur to such settlements. * * * Frequently the injured person might forego action upon a small claim because he realized that, after paying his attorney, his net recovery would not be worth the time and trouble of a vexatious law suit. The legislature may have found that [tortfeasors] or their insurance carriers frequently rejected meritorious claims of this kind because of this known reluctance of injured persons to litigate. Claims which in honesty and fairness should have been paid were not paid, and it was to remedy this evil that the statute was passed. But, if the defendant's position here were to be sustained, this clear legislative purpose would be defeated by the defendant ignoring a demand made pursuant to ORS 20.080, secure in the knowledge that if action should be brought he could escape payment of an attorney's fee and other costs by offering before trial to allow judgment to be given against him as provided in [*former*] ORS 17.055."

*Id.* at 126. Because the application of *former* ORS 17.055 in small tort claims would negate awards of attorney fees under ORS 20.080, thereby allowing a defendant to ignore demands made under the latter statute, this court held that there was a conflict between the two. Accordingly, ORS 20.080, which applied specifically to tort claims below a certain amount, would prevail over *former* ORS 17.055, which applied more generally to all civil proceedings. *Id.* at 126-27.

The Court of Appeals did not recognize the implications of that reasoning in *Bell*, 207 Or App 326. In that case, the Court of Appeals noted that, although offers of judgment under *former* ORS 17.055 operated to prevent awards of any

attorney fees, offers of judgment under ORCP 54 E would merely prevent awards of attorney fees incurred after the offer was made. Accordingly, the court concluded that the legislature had "eliminated the conflict that concerned the court in *Colby*." 207 Or App at 336. We disagree with the reasoning in *Bell*. The conflict that concerned this court in *Colby* was that, by allowing defendants a second chance to avoid attorney fees after the plaintiff had filed the action, *former* ORS 17.055 eliminated a tortfeasor's incentive to settle *prior to the filing of the action*, which was the goal of ORS 20.080. The present version of *former* ORS 17.055, ORCP 54 E, thus remains in conflict with ORS 20.080. An offer of judgment under ORCP 54 E no longer *completely* eliminates a plaintiff's entitlement to an award of attorney fees, but it still can reduce the amount of that award substantially. If a defendant can reduce an award of attorney fees under ORS 20.080 significantly by making an offer of judgment under ORCP 54 E, the defendant's incentive to settle a claim before the filing of an action is reduced, if not eliminated.

Because ORCP 54 E prevents this court from giving full effect to ORS 20.080(1), we must treat the more specific statute as an exception to the more general one. ORS 20.080(1), which applies to tort claims for $5,500 or less, is more specific than ORCP 54 E, which applies to all civil proceedings. We therefore hold that the procedure under ORS 20.080(1) is an exception to the procedure under ORCP 54 E. Because of that exception, an offer of judgment, made after a plaintiff has filed an action, will not serve to limit a plaintiff's entitlement to attorney fees under ORS 20.080(1). In this case, plaintiff is entitled to recover her reasonable attorney fees, including fees that she incurred after August 30, 2004, the date of the defendant's offer of judgment.

The decision of the Court of Appeals is reversed. The order of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.