Argued and submitted March 19, 2010, affirmed on appeal and cross-appeal
February 2, 2011

BUTLER BLOCK, LLC,
a Delaware limited liability company,
*Plaintiff-Appellant*
*Cross-Respondent,*

*v.*

AGNI GROUP, LLC,
an Oregon limited liability company,
*Defendant-Respondent*
*Cross-Appellant.*

Multnomah County Circuit Court
070606622; A140056

250 P3d 924

Dennis W. Percell argued the cause for appellant - cross-respondent. With him on the briefs were Andrew P. Parks, Katherine G. Watkinson, and Arnold Gallagher Percell Roberts & Potter, P.C.

Gregory J. Miner argued the cause for respondent - cross-appellant. With him on the briefs was Bateman Seidel Miner Blomgren Chellis & Gram, P.C.

Before Haselton, Presiding Judge, and Ortega, Judge, and Duncan, Judge.

DUNCAN, J.

**DUNCAN, J.**

The parties entered into a land sale agreement, under which plaintiff would buy property from defendant. After a dispute regarding the sale price arose, plaintiff sued defendant seeking a judicial declaration that the agreement was in force and specific performance of the agreement. Defendant filed an answer denying the allegations of plaintiff's claims and asserting affirmative defenses and counterclaims. The trial court found against each party on its respective claims, *i.e.*, plaintiff lost on its claims, and defendant lost on its counterclaims. Both parties petitioned for attorney fees and costs. The trial court denied plaintiff's request for attorney fees and partially granted its request for costs. The trial court partially granted defendant's request for attorney fees and its request for costs.

Plaintiff appeals and defendant cross-appeals. Both assign error to the trial court's decisions on the merits of their claims, as well as the trial court's decisions on their requests for attorney fees and costs. We reject both parties' arguments regarding the merits of their claims without discussion. We also reject both parties' arguments regarding attorney fees, as well as plaintiff's arguments regarding costs, without discussion. We write only to address defendant's arguments regarding costs. For the reasons explained below, we conclude that the trial court did not abuse its discretion by awarding defendant only part of its requested costs. Accordingly, we affirm.

When determining which costs to award, the trial court applied ORCP 68 A(2),[1] which defines costs as "reasonable and necessary expenses," including those listed in

---

[1] ORCP 68 A(2) provides:

" 'Costs and disbursements' are *reasonable and necessary expenses* incurred in the prosecution or defense of an action other than for legal services, and include the fees of officers and witnesses; the expense of publication of summonses or notices, and the postage where the same are served by mail; any fee charged by the Department of Transportation for providing address information concerning a party served with summons pursuant to subparagraph D(4)(a)(i) of Rule 7; the compensation of referees; the expense of copying of any public record, book, or document admitted into evidence at trial; recordation of any document where recordation is required to give notice of the creation, modification or termination of an interest in real property; a reasonable sum paid a person for executing any bond, recognizance, undertaking, stipulation, or other obligation therein; *and any other expense specifically allowed by agreement, by*

ORCP 68 A(2) itself, as well as "any other expense *specifically* allowed by agreement, by these rules, or by other rule or statute." (Emphasis added.) The trial court awarded defendant all of its costs that were in the categories listed in ORCP 68 A(2). It also partially awarded defendant expert witness costs because it determined that those costs were "specifically allowed" by the parties' land sale agreement, section 23(e) of which provides:

> "With respect to any dispute relating to this Agreement, * * * the prevailing party shall be entitled to recover from the losing party its reasonable attorney fees, paralegal fees, expert fees, and all other fees, costs and expenses actually incurred and reasonably necessary in connection therewith, as determined by the judge * * * in addition to all other amounts provided by law."

But the court did not allow all of defendant's expert witness costs because it determined that not all of the costs were reasonable and necessary to the defense against plaintiff's claims (on which defendant prevailed); some of the costs related solely to defendant's own claims (on which it did not prevail). The court explained:

> "It appears that each expert was employed to attack or support an appraisal of the value of the property. This testimony was central to the (unsuccessful) counterclaims asserting breach by plaintiff, but also related to a degree to the defense (albeit on an unsuccessful ground) [of] the plaintiff's claim. However simply the defense of the plaintiff's claim, alone, would not reasonably require three appraisers (only two of whom testified) for time amounting in cost to over $25,000. I find that an allocation of the cost of the experts to defense of the plaintiff's claim on a 50% basis is reasonable, and accordingly award $12,214.25 in expert fees, as part of defendant's costs and disbursements."

The court denied the remaining requested costs—which included mediator fees, witness fees, service fees, delivery fees, and travel expenses—for two reasons. First, the

---

*these rules, or by other rule or statute.* The court, acting in its sole discretion, may allow as costs reasonable expenses incurred by a party for interpreter services. *The expense of taking depositions shall not be allowed, even though the depositions are used at trial, except as otherwise provided by rule or statute."*
(Emphasis added.)

court determined that the language of the land sale agreement providing for recovery of "reasonable attorney fees, paralegal fees, expert fees, and all other fees, costs and expenses actually incurred and reasonably necessary" did not specifically provide for the recovery of any costs other than paralegal fees and expert fees. According to the trial court, the reference to "all other fees, costs and expenses," was too generic to authorize an award of costs under the ORCP 68 A(2) provision authorizing awards of "expense[s] *specifically* allowed by agreement." (Emphasis added.) Therefore, the trial court reasoned, it lacked authority to award the costs. Second, and alternatively, the trial court denied the costs because "the court [could] not find from the materials submitted that the other disallowed, non-statutory costs were necessary to the defense of the claim."[2]

■    On appeal, defendant argues that the trial court erred by awarding only half of the expert witness fees and by failing to award any costs that were not specified in either ORCP 68 A(2) or section 23(e) of the agreement. We normally review the amount of an award of costs for abuse of discretion, but, to the extent the court's decision is based on its interpretation of an agreement or statute, we review for errors of law. *See Powers v. Quigley*, 212 Or App 644, 649, 159 P3d 371 (2007), *rev'd on other grounds*, 345 Or 432, 198 P3d 919 (2008) (reviewing award of attorney fees and costs under ORS 20.080).

■    We address defendant's argument regarding the expert fees first. Defendant argues that the expert fees, which were for appraisals of the property that was the subject of the land sale agreement, were "central" to the litigation. The trial court found otherwise, explaining, as quoted above, that the appraisers' information related more to defendant's unsuccessful counterclaims than its defense against plaintiff's claims. We agree and, therefore, conclude that the trial court did not err in awarding only half of defendant's requested expert fees.

---

[2] The trial court also determined that some of the costs were not recoverable because they were mediation costs, which the court found were not proven to be reasonable and necessary to defendant's defense against plaintiff's claims, or because they were deposition costs, recovery of which the court found was specifically prohibited by ORCP 68 A(2).

We now turn to defendant's second argument, which concerns the court's denial of costs other than those specified in either ORCP 68 A(2) or section 23(e) of the agreement. On appeal, defendant challenges the trial court's interpretation of ORCP 68 A(2), arguing that the trial court read "specifically" too literally. But we need not resolve that issue. As noted, the trial court denied the costs for two reasons, and defendant does not challenge the trial court's alternative basis for denying the costs, *i.e.*, that the court could not determine from the materials submitted if the costs were necessary to the defense of plaintiff's claim. Because defendant does not challenge the trial court's alternative and independent basis for denying the costs, we affirm the award of costs without addressing the trial court's interpretation of ORCP 68 and the parties' agreement.

Affirmed on appeal and cross-appeal.