Argued at Pendleton May 6; modified July 10, 1930

## DOLAN *v.* CONTINENTAL CASUALTY CO.

(289 P. 1057)

*J. T. Donald* of Baker (George Donart of Weiser, Idaho, and Nichols, Hallock & Donald of Baker, on the brief) for appellant.

*A. S. Grant* of Baker (A. A. Smith of Baker, on the brief) for respondent.

COSHOW, C. J. We have in mind that defendant refused, for technical reasons, to pay the amount claimed by plaintiff. The judgment granted plaintiff was set aside because of an error committed by the court during the progress of the trial. Defendant claims the right now of depriving plaintiff of the amount allowed her as attorneys' fees because it has tendered into court the amount of her claim with interest, the costs on the former trial and of the trial in this court. The law prescribes:

"Whenever any suit or action is brought in any courts of this state upon any policy of insurance of any kind or nature whatsoever, the plaintiff, in addition to the amount which he may recover, shall also be allowed and shall recover as part of said judgment such sum as the court or jury may adjudge to be reasonable as attorney's fees in said suit or action; provided, that settlement is not made within six months from date proof of loss is filed with the company; provided further, that if a tender be made by a defendant in any such suit or action and the plaintiff's recovery shall not exceed the amount thereof, then no sum shall be recoverable as attorneys' fees": Or. L., § 6355, as amended by General Laws of 1927, chap. 184.

■ The meaning of the word "tender," when said statute was enacted, was defined by our statute, Or. L., § 574. The general laws of the state having defined

the word "tender," it will be presumed, on the enactment of a new statute using the word "tender," that the word as defined by the statute is intended. There is no conflict between the said section 6355, as amended, and said section 574. The former section does not attempt to define "tender" and that word as therein used must be taken to be the word "tender" used in said section 574.

■ The purpose of the enactment of said section 6355, as amended by General Laws, 1927, chapter 184, was to discourage expensive and lengthy litigation. Oftentimes insurance companies have contested their obligation to pay a loss with such persistence and vigor that the benefit of an insurance policy is either largely diminished or entirely lost. It is not the intention of the writer to question the good faith of insurance companies. They have all the rights other citizens have to defend when haled into court. That the contest of insurance losses on doubtful and technical defenses has often caused distress and unnecessary loss to the insurance beneficiaries cannot be denied. For that reason and in the same spirit that a contract for the payment of attorneys' fees in a promissory note is upheld when the maker refuses to pay, insurance companies are required to pay reasonable attorneys' fees where they have wrongfully defended an action to recover or refused to pay the loss within a reasonable time. That purpose would be largely destroyed if defendant's position in the instant case can be sustained. Instead of the statute discouraging litigation, it might tend to encourage appeals. If a judgment be reversed, as occurred in the instant case, upon some technical error during the progress of the trial and defendant's tender will then defeat a recovery of attor-

neys' fees, notwithstanding the expensive and prolonged litigation, the benefit of the statute is largely destroyed. When plaintiff was compelled to institute an action against defendant in order to recover the amount due on the policy she became entitled to an attorney's fee: *Johnson v. Prudential Life Ins Co.,* 120 Or. 353, 363 (252 P. 556); *Murray v. Firemen's Ins. Co.,* 121 Or. 165 (254 P. 817); *Ocean A. & G. Corp., Ltd., v. Albina M. & I. Works,* 122 Or. 615 (260 P. 229).

It is not necessary to remand the case for another trial. There must be an end to litigation. The judgment of the court below will be modified by adding thereto the sum of $300 with interest from the date of the original judgment in the circuit court. Said judgment as thus modified is affirmed. Appellant will recover costs in this court.

McBride, J., not sitting.

Rossman, J., absent.