Argued and submitted June 14, reversed and remanded September 15, 1999

Lorraine PETERSEN,
*Appellant,*

*v.*

FARMERS INSURANCE COMPANY
OF OREGON,
*Respondent.*

(96-4702-L-3; CA A102375)

986 P2d 659

Michael Brian argued the cause and filed the briefs for appellant.

Christian M. Oelke argued the cause for respondent. With him on the brief were Mark D. Clarke and Frohnmayer, Deatherage, Pratt, Jamieson, Clarke & Moore, P.C.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Plaintiff appeals from the trial court's supplemental judgment that denied her request for an award of costs, disbursements, and attorney fees and that awarded defendant its costs and disbursements. Plaintiff assigns error to the trial court's failure to award her attorney fees pursuant to ORS 742.061. We reverse and remand.

The parties do not dispute most of the pertinent facts. In June 1995, plaintiff was injured in an automobile accident when her car was struck by another. Both plaintiff and the driver of the other car were insured by defendant. The other driver had automobile liability limits that were lower than plaintiff's uninsured/underinsured motorist (UM/UIM) coverage with defendant. On November 4, 1996, plaintiff provided proof of loss to defendant on her UIM claim. On December 9, 1996, she filed suit against defendant based on her UM/UIM coverage. More than a year later, on December 31, 1997, defendant offered to settle that case, including any claim for costs, disbursements, or attorney fees, for $11,500. That offer was "in addition to" personal injury protection benefits in the amount of $13,575 already paid by defendant to plaintiff. Plaintiff rejected that offer. In March 1998, following a jury trial, judgment was entered on a $9,657 verdict for plaintiff. Plaintiff then sought an award for her costs and disbursements and for her attorney fees. Defendant opposed the request and filed its own statement of costs and disbursements. The trial court denied plaintiff's request and awarded defendant its costs.

Plaintiff's request for attorney fees is based on ORS 742.061, which provides, in part:

> "If settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon."

Here, in denying plaintiff's request for attorney fees under that statute, the trial court relied on our decision in *Grijalva v. Safeco Ins. Co.*, 153 Or App 144, 956 P2d 995 (1998), *rev'd on other grounds* 329 Or 36, 985 P2d 784 (1999). On appeal, defendant also relies on that decision. In *Grijalva*, we held that a plaintiff could not recover attorney fees under the statute unless the plaintiff's recovery exceeded the amount of "any tender" made by the defendant, irrespective of whether the tender was made within six months of the filing of the proof of loss.

■     Although the Supreme Court did not reach that issue on review in *Grijalva*, in *Dockins v. State Farm Ins. Co.,* 329 Or 20, 32-34, 985 P2d 796 (1999), the court disagreed with our reading of ORS 742.061. Relying on its own earlier interpretation of a statutory predecessor to ORS 742.061, the court held that, for a defendant's tender to defeat a plaintiff's right to attorney fees under the statute, the tender must be a "timely" one. *Id.* at 32-33 (citing *Dolan v. Continental Casualty Co.*, 133 Or 252, 289 P 1057 (1930)). To be "timely," the tender must be made within six months after the filing of the proof of loss with the insurer. *Id.*

■     Applying the holding in *Dockins* here, we find that defendant's tender did not defeat plaintiff's statutory entitlement to attorney fees because defendant made no "timely tender." 329 Or at 33. The parties agree that plaintiff filed her proof of loss in November 1996. Defendant did not make any tender to plaintiff in this action until more than a year later, in December 1997. Thus, although defendant's tender exceeded the amount of plaintiff's recovery, the tender did not qualify under ORS 742.061 because it was not timely.

Defendant, however, contends that it made earlier, timely tenders with regard to plaintiff's claim against the other driver that also exceeded the amount of plaintiff's verdict. Defendant argues that those tenders also should qualify under the statute and defeat plaintiff's claim for attorney fees. In response, plaintiff contends that only tenders made in the same legal action fit within the terms of ORS 742.061. According to plaintiff, for that reason defendant's earlier tenders should not affect her claim for attorney fees because they were made to settle her claim against the other driver,

while here she seeks recovery against her own insurer under her UM/UIM coverage. We need not resolve that dispute because the record does not reveal when defendant made its other tenders. In arguing that it made other timely tenders, defendant relies exclusively on the affidavit of its claims representative but, while that affidavit recites that the claims representative made "multiple offers to settle" in plaintiff's claim against the other driver, the affidavit does not disclose when those offers were made. Thus, even assuming that those offers could qualify under the statute, they do not qualify here because the record does not demonstrate that those tenders were timely ones.

■  Defendant also argues that the "policy considerations" underlying ORS 20.075 should apply here and that those considerations "preclude" an attorney fee award to plaintiff. We disagree. ORS 20.075(1) provides that a court must consider a list of factors "in determining whether to award attorney fees in any case in which attorney fees are authorized by statute *and in which the court has discretion to decide whether to award attorney fees*[.]" (Emphasis added.) The statute does not apply to the decision "whether to award attorney fees" under ORS 742.061. If the conditions enumerated in that statute are met, then the decision whether to grant attorney fees is not a discretionary one. Instead, when the statutory conditions are met, the court "shall" award attorney fees.

Reversed and remanded.