Argued and submitted June 30, 2009, on appeal, reversed and remanded for award of plaintiff's requested attorney fees, otherwise affirmed; on cross-appeal, affirmed April 14, petition for review denied August 18, 2010 (348 Or 669)

Jefferson WILSON,
*Plaintiff-Appellant*
*Cross-Respondent,*

*v.*

TRI-COUNTY METROPOLITAN
TRANSPORTATION DISTRICT OF OREGON,
a municipal corporation,
*Defendant-Respondent*
*Cross-Appellant.*

Multnomah County Circuit Court
030100495; A138860

228 P3d 1225

Willard E. Merkel argued the cause for appellant - cross-respondent. With him on the briefs was Merkel & Associates.

Kimberly Sewell argued the cause and filed the briefs for respondent - cross-appellant.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

This is a case about attorney fees, specifically, about plaintiff's entitlement to attorney fees after prevailing on an uninsured motorist claim against defendant Tri-Met and, even more specifically, about the extent to which defendant's offer to settle the case affects plaintiff's entitlement to such an attorney fee award. The answer requires an examination of the interplay between ORS 742.061, a statute that applies to recovery of attorney fees in an action on an insurance policy, and ORCP 54 E, a rule that limits recovery of attorney fees after a party presents an offer of judgment to an opponent. The trial court concluded that defendant's offer did not preclude plaintiff from receiving an award of attorney fees under the statute, but that the rule did limit the amount that plaintiff could receive. We conclude that the trial court was correct as to the first holding, but incorrect as to the second. We therefore reverse and remand for entry of judgment awarding the full amount of the attorney fees requested, but otherwise affirm.

## I.  BACKGROUND

The facts are largely undisputed. Plaintiff was injured on January 31, 2002, when a Tri-Met bus driver braked suddenly in order to avoid a collision. Plaintiff, who was then uninsured, presented defendant with an uninsured motorist claim. Defendant, which is self-insured under the Financial Responsibility Law, ORS 806.010 to 806.300, denied the claim on the ground that plaintiff had failed to file an accident report within the time required by the Financial Responsibility Law. ORS 742.504(2)(g)(C).

Plaintiff filed the complaint in this proceeding, seeking insurance coverage as well as attorney fees. On July 29, 2003—more than six months after receiving plaintiff's proof of loss—defendant offered plaintiff judgment in his favor in the amount of "$10,000, inclusive of costs." At the time of the offer, plaintiff had incurred $762 in costs and $5,790 in attorney fees. Plaintiff did not accept the offer of judgment.

Defendant then moved for summary judgment on the ground that plaintiff's failure to file a police report of his injury within the time required by the statute precluded his

claim. The trial court granted the motion, and we affirmed the ensuing judgment of the trial court without opinion. *Wilson v. Tri-County Metro. Trans. Dist.*, 200 Or App 291, 114 P3d 1157 (2005). On review, the Supreme Court ultimately determined that plaintiff's failure to provide notice to the police of his accident did not bar his claim and remanded the case for further proceedings. *Wilson v. Tri-County Metro. Trans. Dist.*, 343 Or 1, 16, 161 P3d 933 (2007) (holding the statutory notification requirement unenforceable).[1]

On remand, plaintiff prevailed after a jury trial, obtaining a damages award of $5,930.58. He then petitioned for an award of attorney fees under ORS 742.061(1), which provides that, subject to exceptions not pertinent to this case,

> "if settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, *and the plaintiff's recovery exceeds the amount of any tender* made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon."

(Emphasis added.) Plaintiff argued that his recovery— $5,930.58 plus costs and attorney fees—exceeded defendant's $10,000 offer, thus warranting an attorney fee award under the statute.

Defendant objected on two grounds. Defendant first argued that plaintiff was not entitled to attorney fees at all under ORS 742.061(1), because, in fact, plaintiff's recovery did not exceed the offer; according to defendant, although its offer was for "$10,000, inclusive of costs," the reference to "costs" did not include attorney fees. Thus, defendant argued, plaintiff's recovery of $5,930.58 plus "costs" (not including attorney fees) fell short of its $10,000 offer of judgment.

Defendant next argued that, even if plaintiff's recovery did exceed the offer, the amount of attorney fees to which plaintiff would be entitled was limited to those fees that had

---

[1] The Supreme Court's judgment awarded plaintiff his attorney fees on appeal, abiding the outcome of the trial on remand. *See* ORAP 13.05(4).

been incurred at the time the July 29, 2003, offer of judgment was made, under ORCP 54 E.[2] At the relevant time, that rule provided:

"E(1)  Except as provided in ORS 17.065 through 17.085, the party against whom a claim is asserted may, at any time up to 10 days prior to trial, serve upon the party asserting the claim an offer to allow judgment to be given against the party making the offer for the sum, or the property, or to the effect therein specified.

"E(2)  If the party asserting the claim accepts the offer, the party asserting the claim or such party's attorney shall endorse such acceptance thereon, and file the same with the clerk before trial, and within three days from the time it was served upon such party asserting the claim; and thereupon judgment shall be given accordingly, as a stipulated judgment. *If the offer does not state that it includes costs and disbursements or attorney fees, the party asserting the claim shall submit any claim for costs and disbursements or attorney fees to the court as provided in Rule 68.*

"E(3)  If the offer is not accepted and filed within the time prescribed, it shall be deemed withdrawn, and shall not be given in evidence on the trial; and if the party asserting the claim fails to obtain a more favorable judgment, the party asserting the claim shall not recover costs, prevailing party fees, disbursements, or attorney fees incurred after the date of the offer, but the party against whom the claim was asserted shall recover of the party asserting the claim costs and disbursements, not including prevailing party fees, from the time of the service of the offer."

(Emphasis added.) Defendant argued that the emphasized portion of ORCP 54 E(2) makes clear that the terms "costs" and "attorney fees" are not synonymous. Accordingly, it argued, its July 29, 2003, offer of judgment—which did not mention attorney fees—did not include attorney fees and, as a result, plaintiff's recovery at trial did not exceed that offer. As a result, defendant argued, under ORCP 54 E(3), plaintiff is limited to recovering only those attorney fees that he had incurred up to the date of the July 29, 2003, offer.

---

[2] ORCP 54 E(3) was amended by the Council on Court Procedures on December 13, 2008. The amendments do not apply to this case.

In reply, plaintiff argued that defendant's reliance on ORS 742.061(1) fails. Citing *Dockins v. State Farm Ins. Co.*, 329 Or 20, 985 P2d 796 (1999), plaintiff argued that defendant's offer of judgment did not comply with the tender requirement of ORS 742.061(1), because any tender was more than six months after defendant had received plaintiff's proof of loss and, therefore, could not defeat plaintiff's entitlement to attorney fees under that statute. As for defendant's ORCP 54 E argument, plaintiff asserted that, among other things, that rule should not be read to cut off his right to attorney fees under ORS 742.061(1).

The trial court concluded that, as to plaintiff's entitlement to attorney fees under ORS 742.061(1), defendant's tender was untimely because it was not made within six months of proof of loss. Thus, the court ruled, defendant's tender could not bar plaintiff's entitlement to fees, even if it exceeded the ultimate recovery.

The court also concluded, however, that ORCP 54 E limited plaintiff's recovery to those attorney fees that had accrued at the time of defendant's offer of judgment. The court explained that, because the offer of judgment was silent concerning attorney fees, it did not include them; therefore, the court reasoned, no attorney fees should be considered in comparing the offer of judgment to the actual judgment. When calculated in that way, the court concluded, defendant's offer of judgment exceeded plaintiff's award. The court therefore limited plaintiff's attorney fees to those that had accrued through the date of defendant's offer of judgment.

## II. ANALYSIS

On appeal, plaintiff asserts that the trial court erred in determining that the judgment did not exceed defendant's offer of judgment, contending that the trial court incorrectly determined that the offer of judgment was exclusive of attorney fees. Plaintiff also contends that ORS 742.061 and ORCP 54 E are in conflict, and that, as the more specific provision, ORS 742.061 must be regarded as an exception to ORCP 54 E, not subject to limitations stated in the rule. Defendant cross-appeals, contending that the trial court erred in determining that plaintiff was entitled to fees under ORS 742.061(1).

## A. *Cross-Appeal: Whether Plaintiff Is Entitled to Any Attorney Fees*

We first address the cross-appeal, because it requires us to resolve the preliminary question of whether plaintiff was entitled to any attorney fees at all. As we have noted, the only claimed source of attorney fees in this case is ORS 742.061(1), which provides, as relevant:

> "Except as otherwise provided in subsections (2) and (3) of this section, if settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon."

The trial court held that, because defendant had not made a tender within six months of plaintiff's proof of loss, plaintiff was not barred from the recovery of fees.

Defendant disagrees. In defendant's view, the statute lists three independent requirements for the recovery of attorney fees against an insurer: (1) no settlement within six months from the date of filing of proof of loss with the insurer; (2) the filing of an action on a policy of insurance; and (3) a recovery that exceeds the amount of "any tender" made by the defendant. Defendant asserts that, in order to recover attorney fees, each of the three requirements must exist: In the absence of settlement within six months of proof of loss, a plaintiff who has filed an action is entitled to an award of attorney fees only if the recovery exceeds the amount of "any tender."

In defendant's view, "any tender" means any tender made before judgment, and the statute does not require that the tender be made within six months of proof of loss. In determining whether the plaintiff's recovery exceeds the tender, defendant asserts, the recovery must be compared with "any tender," even one made after six months from proof of loss. In defendant's view, plaintiff has not established that his judgment exceeded defendant's tender—the offer of judgment—and, irrespective of whether the tender was made

within six months of proof of loss, plaintiff is not entitled to attorney fees under ORS 742.061(1).

In response, plaintiff notes that defendant's interpretation of "any tender" as used in ORS 742.061 was explicitly rejected by the Supreme Court in *Dockins*. In *Dockins*, the plaintiff contended that only a prelitigation tender could satisfy the tender requirement of ORS 742.061. The Supreme Court rejected that contention but, relying on its decision in *Dolan v. Continental Casualty Co.*, 133 Or 252, 289 P 1057 (1930), construing a substantially identical predecessor statute, Oregon Laws, section 6355 (1920), as amended by General Laws of Oregon 1927, chapter 184, the court nonetheless read a "timely tender" requirement into ORS 742.061:

> "Unless and until the legislature decides to provide otherwise, only a timely tender * * * can defeat a prevailing insured's right to attorney fees. In the context of the present case, in which the filing of the insured's complaint is deemed to be the 'proof of loss,' that means that State Farm had six months from the date of service of the complaint in which to make a tender, *i.e.*, an unconditional offer to pay money."

329 Or at 33. In *Dockins*, the court left no ambiguity that "timely tender" means a tender made within six months of proof of loss. *Id.*

■      The Supreme Court's prior construction of a statute is considered part of the text of the statute itself. *Stephens v. Bohlman*, 314 Or 344, 350, 838 P2d 600 (1992). Consistently with that principle, in *Petersen v. Farmers Ins. Co.*, 162 Or App 462, 465, 986 P2d 659 (1999), we relied on *Dockins* and said, "[F]or a defendant's tender to defeat a plaintiff's right to attorney fees under [ORS 742.061], the tender must be a 'timely' one. * * * To be 'timely,' the tender must be made within six months after the filing of the proof of loss with the insurer." (Citations omitted.)

In this case, it is undisputed that defendant's offer of judgment was made more than six months after the filing of the proof of loss. We conclude, therefore, as did the trial court, that defendant's tender was not timely and that plaintiff was entitled to his attorney fees under ORS 742.061.

B. *Appeal: Whether ORCP 54 E Limits Recovery Under ORS 742.061(1)*

The remaining question raised by plaintiff's appeal is whether, under ORCP 54 E, plaintiff's recovery of attorney fees under ORS 742.061(1) is nonetheless limited to fees incurred before defendant's offer of judgment.

As we have noted, the relevant version of ORCP 54 E provides:

> "E(1)   Except as provided in ORS 17.065 through 17.085, the party against whom a claim is asserted may, at any time up to 10 days prior to trial, serve upon the party asserting the claim an offer to allow judgment to be given against the party making the offer for the sum, or the property, or to the effect therein specified.

> "E(2)   If the party asserting the claim accepts the offer, the party asserting the claim or such party's attorney shall endorse such acceptance thereon, and file the same with the clerk before trial, and within three days from the time it was served upon such party asserting the claim; and thereupon judgment shall be given accordingly, as a stipulated judgment. If the offer does not state that it includes costs and disbursements or attorney fees, the party asserting the claim shall submit any claim for costs and disbursements or attorney fees to the court as provided in Rule 68.

> "E(3)   If the offer is not accepted and filed within the time prescribed, it shall be deemed withdrawn, and shall not be given in evidence on the trial; and if the party asserting the claim fails to obtain a more favorable judgment, the party asserting the claim shall not recover costs, prevailing party fees, disbursements, or attorney fees incurred after the date of the offer, but the party against whom the claim was asserted shall recover of the party asserting the claim costs and disbursements, not including prevailing party fees, from the time of the service of the offer."

In this case, plaintiff poses two reasons why the trial court erred in concluding that his attorney fee award was subject to the limitation set forth in ORCP 54 E. First, plaintiff contends that ORS 742.061(1) must be treated as an exception to the limitations on recovery of attorney fees stated in ORCP 54 E and, in effect, trumps the requirements of the rule. Relying on the reasoning of the Supreme Court's recent opinion in

*Powers v. Quigley*, 345 Or 432, 198 P3d 919 (2008) (which was decided after trial and after the briefing in this case), plaintiff argues that the statute and the rule conflict, and the statute clearly is the more specific and, as a result, controlling. Second, plaintiff asserts that, if a fee award under ORS 742.061 is subject to the limitations of ORCP 54 E, then the record in this case establishes that plaintiff's recovery exceeded defendant's offer of judgment, and he is therefore entitled to his entire fee. Because we agree with plaintiff that ORS 742.061 is an exception to ORCP 54 E, we dispose of the case on that ground and do not address whether plaintiff's recovery exceeded defendant's offer of judgment.

Initially, we note that defendant points out that, although plaintiff argued to the trial court that ORCP 54 E should not cut off his right to attorney fees under ORS 742.061, plaintiff never made to the trial court the precise argument that he now makes that ORS 742.061 and ORCP 54 are in conflict. Plaintiff, however, clearly did argue that ORCP 54 E should not be understood to limit his right to recovery under ORS 742.061(1). Moreover, as we and the Supreme Court have said many times, once the meaning and application of a statute have been put before us, we have an obligation to correctly construe and apply that statute. *E.g., Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997); *State ex rel Engweiler v. Powers*, 232 Or App 214, 220, 221 P3d 818 (2009).

We begin with a discussion of *Powers v. Quigley*, because it provides the linchpin of plaintiff's argument. In *Powers*, the plaintiff, having prevailed on a negligence claim, asserted an entitlement to attorney fees under ORS 20.080. That statute provides that, in tort claims where the amount pleaded does not exceed $5,500, the prevailing plaintiff shall be allowed a reasonable attorney fee if demand was made on the defendant not less than 10 days before commencement of the action, unless the defendant tendered to the plaintiff, before the commencement of the action, an amount not less than the damages awarded. It was undisputed in *Powers* that the plaintiff was entitled to her attorney fees under ORS 20.080. After the commencement of the action, however, the defendant had served on the plaintiff an offer of judgment under ORCP 54 E, which the plaintiff rejected and which

exceeded the plaintiff's ultimate recovery. Applying ORCP 54 E, the trial court in *Powers* limited the plaintiff's recovery of attorney fees to those that had incurred up to the time of the offer of proof. Citing our decision in *Bell v. Morales*, 207 Or App 326, 142 P3d 76 (2006), we rejected the plaintiff's argument that ORCP 54 E and ORS 20.080 were in conflict. We held that the two statutes could be reconciled, with each given full effect, because ORS 20.080 provided an incentive to settle cases before the filing of a complaint, and ORCP 54 E provided an incentive to settle cases after the filing of the complaint. *Powers v. Quigley*, 212 Or App 644, 648, 159 P3d 371 (2007).

The Supreme Court rejected our analysis and reversed our decision. The court first described the two basic rules governing the court's resolution of a conflict between statutes: The first rule is that statutory provisions must be construed, if possible, in a manner that "will give effect to all" of them. 345 Or at 438 (citing ORS 174.010). The second rule is that, if the full effect cannot be given to both statutes, the more specific statute will control over the more general one. *Id*. (citing ORS 174.020(2)).

The court described the two statutes. ORS 20.080 allows a plaintiff who prevails on a tort claim for $5,500 or less to recover attorney fees if (1) the plaintiff made written demand on the tortfeasor at least 10 days prior to filing an action, (2) the plaintiff prevailed, and (3) the plaintiff obtained a judgment for an amount greater than any prefiling settlement offer made by the tortfeasor. 345 Or at 439. The court explained that the policies underlying ORS 20.080, originally enacted in 1947, were "to encourage settlement of small claims, to prevent insurance companies and tortfeasors from refusing to pay just claims, and to discourage plaintiffs from inflating their claims." 345 Or at 439. The court said that the implicit idea of ORS 20.080 was that defendants should feel pressured to settle cases by the potential allowance of attorney fees. The court stated, further:

"A crucial feature of that 'pressure,' * * * is that it applies *prior to filing* the action. By the explicit terms of ORS 20.080(1), a tortfeasor can avoid an award of attorney fees

under ORS 20.080(1) only by making an offer of settlement before the plaintiff files a complaint. A tortfeasor's offers made after that date do not affect the statutory right to attorney fees that ORS 20.080(1) creates."

345 Or at 439 (emphasis Supreme Court's).

In contrast, the court explained, ORCP 54 E provides for a limitation on a plaintiff's recovery of attorney fees if, any time up to 10 days before trial, the defendant offers to allow judgment for a specific sum, the plaintiff does not accept the offer, and the plaintiff fails to obtain a judgment that is more favorable than the offer. 345 Or at 440. The court stated that a conflict between the two statutes is apparent from their texts. By allowing a reduction in the fees recoverable under ORS 20.080, the offer of judgment procedure under ORCP 54 E can negate, at least in part, an award of attorney fees that ORS 20.080(1) requires. *Id.* Seen in that light, the court explained, application of ORCP 54 E would undermine the core purpose of ORS 20.080(1) to prevent tortfeasors and their insurers from refusing to pay just claims:

> "By requiring an award of attorney fees, ORS 20.080(1) requires a defendant to evaluate the plaintiff's case 'and to make an offer at the risk of having to pay attorney fees if the offer is inadequate.' * * * Furthermore, the timing specified in the text of ORS 20.080(1) demonstrates that the legislature intended to provide an incentive to defendants to make those evaluations and offers *before the plaintiff files an action*, because that statute does not allow a defendant to limit liability for attorney fees by making an offer to settle *after* the complaint is filed."

345 Or at 441 (emphases Supreme Court's). The court concluded, based on the statutes' texts, that there was a conflict between ORS 20.080(1) and ORCP 54 E.

The court noted that its reading of the statutes was consistent with its earlier decision in *Colby v. Larson*, 208 Or 121, 297 P2d 1073 (1956). In that case, the court had identified a conflict between *former* ORS 20.080 (1953) and the predecessor to ORCP 54 E, *former* ORS 17.055 (1953), which it concluded undermined the policy of ORS 20.080 (1953) to encourage settlement before litigation of meritorious tort claims involving small sums. The court reasoned that *former*

ORS 20.080, which applied specifically to tort claims below a certain amount, was a more specific statute and would therefore prevail over *former* ORS 17.055, which applied more generally to civil proceedings. *Colby*, 208 Or at 126-27. The court held that "in such a case the particular provisions [of *former* ORS 20.080] are considered an exception to the general provisions [of *former* ORS 17.055]" and that therefore an offer of judgment would not limit an award of attorney fees under *former* ORS 20.080. 208 Or at 126-27.

As in *Colby*, the court in *Powers* held that the procedure set out in ORS 20.080, which was specific to small claims, was an exception to the procedure of ORCP 54 E, which applied generally to civil cases, and that an offer of judgment made after the plaintiff has filed the action will not serve to limit a plaintiff's entitlement to attorney fees under ORS 20.080(1).

In this case, plaintiff contends that the reasoning of *Powers* requires that this court reach the same conclusion with respect to the interplay of ORCP 54 E and ORS 742.061. We agree with plaintiff that, as in *Powers*, the effect of ORCP 54 E to partially reduce an attorney fee required by ORS 742.061 would defeat the legislature's policies in enacting that statute.

ORS 742.061 was originally enacted in 1919 as General Laws of Oregon, chapter 110, sections 1 and 2. Its purpose is to expedite the processing of insurance claims and reduce litigation by providing an incentive for efficient claim resolution. *See Haynes v. Tri-County Metro.*, 337 Or 659, 666, 103 P3d 101 (2004); *see also Chalmers v. Oregon Auto. Ins. Co.*, 263 Or 449, 452, 502 P2d 1378 (1972) (policy of ORS 743.114 (predecessor to ORS 742.061) is to encourage settlement of insurance claims without litigation and to reimburse successful plaintiffs for reasonable attorney fees).

To further that policy, ORS 742.061—like *former* ORS 20.080—imposes a deadline on an insurer's tender of settlement. To defeat a plaintiff's entitlement to attorney fees under ORS 742.061, an insurer's tender must be made within six months of proof of loss. If that deadline is not met, the successful plaintiff is entitled to fees. *Dockins*, 329 Or at 33; *Petersen*, 162 Or App at 465.

ORCP 54 E, in contrast, applies to offers of judgment made at any time up to ten days before trial. If an insurer is allowed to nullify a portion of the attorney fee award required by ORS 742.061 by making an offer of judgment pursuant to ORCP 54 E after six months from proof of loss and any time up to ten days before trial, then, as in *Powers*, the core purposes of ORS 742.061 to reduce litigation and encourage efficient claims settlement would be defeated.

Just like the statute at issue in *Powers*, ORS 742.061(1)—which relates to attorney fees only on insurance claims—is the more specific statute. We therefore take guidance from *Powers* and conclude that ORS 742.061 is an exception to ORCP 54 E. Because of that exception, an offer of judgment, made after six months from proof of loss, will not serve to limit a plaintiff's entitlement to attorney fees under ORS 742.061. In this case, plaintiff is entitled to recover his reasonable attorney fees, including fees incurred after defendant's July 29, 2003, offer of judgment. Defendant does not dispute that the amount of plaintiff's requested fees is reasonable.

On appeal, reversed and remanded for award of plaintiff's requested attorney fees, otherwise affirmed; on cross-appeal, affirmed.