754 February 12, 2025 No. 90

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

LORETTA GORALCZYK,
aka Loretta D. Goralczyk,
*Plaintiff-Respondent,*

*v.*

DAVID McMASTERS,
dba David Leroy McMasters,
*Defendant-Appellant.*

Curry County Circuit Court
21CV04083; A179361

Martin E. Stone, Judge.

Argued and submitted December 13, 2024.

George W. Kelly argued the cause and filed the briefs for appellant.

Natalie C. Scott argued the cause for respondent. Also on the brief was The Scott Law Group.

Before Tookey, Presiding Judge, Kamins, Judge, and Nakamoto, Senior Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

In this civil case, defendant appeals three judgments, asserting three assignments of error. First, defendant contends that the trial court erred in "upholding [plaintiff's] elder abuse claim." Second, defendant contends that the trial court erred "in treating [a particular piece of real property] as an asset" of defendant and plaintiff's business partnership. And third, defendant contends that the trial court erred "in its attorney fee award." For the reasons that follow, we affirm.

*First assignment of error.* After a bench trial, the trial court concluded that defendant's failure to pay plaintiff back half of a $48,000 loan, in these circumstances, constituted financial elder abuse under ORS 124.110(1)(a) and ORS 124.100(1), which define financial elder abuse to include "[w]hen a person wrongfully takes or appropriates money or property of a[n elderly] person, without regard to whether the person taking or appropriating the money or property has a fiduciary relationship with the [elderly] person." We understand defendant to argue that his conduct with regard to the loan did not constitute "wrongful taking" or "wrongful appropriation" under ORS 124.110(1)(a).

"In reviewing a trial court's determinations following a bench trial, we review the trial court's explicit and implicit findings of fact for any evidence in the record to support them, and the legal consequences of those facts for legal error." *Pistol Resources, LLC v. McNeely*, 312 Or App 627, 629, 496 P3d 28 (2021).

Applying that standard of review, we conclude that the trial court did not err when it determined that defendant's conduct constituted "wrongful appropriation" under ORS 124.110(1)(a). Evidence in the record would have permitted the trial court to determine that defendant exercised control over plaintiff's property "permanently or for so extended a period or under such circumstances as to acquire the major portion of the economic value or benefit of such property," and that he did so wrongfully. *See Neel v. Lee*, 316 Or App 159, 170, 504 P3d 26 (2021), *rev den*, 369 Or 733 (2022) (using the definition of "appropriate" in ORS

164.005(1) for purposes of an ORS 124.110(1)(a) claim and noting that "wrongful" conduct can encompass "violence, threats, intimidation, deceit, [or] misrepresentation").

In reaching that conclusion, we note that evidence in the record would have permitted the trial court to find that defendant "declined" to sign a document memorializing the loan when plaintiff requested one; that defendant told plaintiff that he "never planned" on paying her back, even though he had been financially able to; that when plaintiff raised the balance due, she was met with yelling and anger, and that reaction was within the context of a relationship that a court in a different proceeding had determined was "abusive" for the purposes of issuing an elder abuse restraining order; and that defendant was engaged in other conduct that seemed to take financial advantage of plaintiff. Thus, as we see it, the trial court did not err when it determined that defendant's conduct with regard to the loan constituted "wrongful appropriation" under ORS 124.110(1)(a).

*Second assignment of error.* In his second assignment of error, defendant contends that the trial court erred in treating a particular piece of real property as an asset of plaintiff and defendant's business partnership and, consequently, in "dividing the parties' interests in the property according to ORS 67.315 instead of ORS 105.205."[1]

Having reviewed the record, in our view, even if the trial court erred, any error was invited by defendant: Defendant told the trial court that he agreed with plaintiff's counsel regarding how the real property should be treated, and that, "since we're in really in equity here, * * * the court could treat it under either theory." *State v. J. J. S.*, 297 Or App 856, 860, 444 P3d 1141 (2019) ("Under the invited error doctrine, this court will not reverse the trial court's error if the party seeking reversal is actively instrumental in bringing about the alleged error. The rule applies when a party has invited the trial court to rule in a certain way under circumstances suggesting that the party will be bound by the ruling or at least will not later seek a reversal on the

---

[1] ORS 67.315 concerns "winding up a partnership's business."

ORS 105.205 allows a party to sue for partition of real property that the party holds with others as a tenant in common.

basis of that ruling." (Internal citations, quotation marks, and italics omitted.)).

Defendant's argument that, when read in the "context of defendant's amended answer and closing argument," defendant's statements to the trial court concerning the real property reflect that defendant agreed only that the real property was "an asset of [a] separate, 'real property partnership'" of plaintiff and defendant, but not an asset of the business partnership, is not persuasive. That is because that context does not account for defendant's statement to the trial court at a hearing which was held subsequent to closing argument that the trial court "could treat it"— *i.e.*, the real property—"under either theory." *See State v. Saunders*, 221 Or App 116, 122, 188 P3d 449, *rev den*, 345 Or 416 (2008) (defense counsel's statement that he could not "think of a better way" to instruct the jury invited any error pertaining to the trial court's subsequent jury instruction). Because defendant invited any error that he has identified in this assignment of error, it provides no grounds for reversal. *Id.* ("Error that is invited is not a ground for reversal.").

*Third assignment of error.* In his third assignment of error, defendant contends that the trial court erred when it did not require plaintiff to allocate her requested attorney fees between the fees incurred in prosecuting the elder abuse claim and other work plaintiff's counsel performed. *See* ORS 124.100(2)(c) ("reasonable attorney fees" recoverable by plaintiff who prevails in elder abuse claim); *W. Hills Development Co. v. Chartis Claims, Inc.*, 284 Or App 133, 144, 391 P3d 851 (2017) ("When a party prevails on an action that encompasses both a claim for which attorney fees are authorized and a claim for which they are not, the court must apportion the fees incurred for each claim. An exception arises, however, if the claims involve common legal issues. In that situation, fees are not subject to apportionment on the theory that the party entitled to fees would have incurred roughly the same amount of fees irrespective of the additional claim or claims." (Internal quotation marks omitted.)).

Having reviewed the record and considered the parties' arguments, we conclude that the trial court did not

abuse its discretion in not requiring plaintiff to allocate fees between the elder abuse claim and the other work that plaintiffs' counsel performed. *Coast 2 Coast Logistics, LLC v. Badger Auctioneers, Inc.*, 323 Or App 374, 388, 524 P3d 555 (2022) ("The trial court has wide discretion in making the factual determinations necessary to segregate claims that are covered by an attorney fee provision from those that are not, and we review the trial court's apportionment decision for an abuse of discretion." (Internal citation omitted.)).

On the record before us, the trial court could find—as we understand it to have done—that defendant's defense on the elder abuse claim called into question whether this case involved abuse of a vulnerable person under ORS 124.110(1)(a), as plaintiff alleged, or was merely a business dispute. And based on that finding, it could find that plaintiff would have incurred "roughly the same amount of fees" prosecuting that claim "irrespective of the additional \*\*\* claims" and counterclaims. *W. Hills Development Co.*, 284 Or App at 144 (internal quotation marks omitted). We discern no abuse of discretion.

Affirmed.